SCHOOLS
It is the statutory duty and obligation of the various local school districts and boards of education to provide for and implement special education programs as directed under 70 O.S. 13-101 [70-13-101] (1976). Under this section, there is no minimum age requirement for those children seeking to participate in such a special education program which children may be classified as "other children failing to thrive from birth." Such children, so qualified and meeting all otherwise applicable rules, regulations and statutes regarding eligibility, may participate in an approved special education program. The Attorney General has received your request for an opinion wherein you ask the following questions: "1. Is the State Department of Education legally responsible for implementation of 70 O.S. 13-101? "2. If the answer to Question No. 1 is in the affirmative, is the legislature required to appropriate adequate funding to carry out these responsibilities? "3. Does the terminology 'other children failing to thrive from birth,' found in 70 O.S. 13-101 [70-13-101], require that the appropriate state agency provide special education to qualified handicapped children at the time a defect is identified, regardless of the age of the child ?" Title 70 O.S. 13-101 [70-13-101] (1976) provides in part: "The several school districts of Oklahoma are hereby authorized to provide special education necessary for exceptional children as hereinafter defined. Two or more school districts may establish cooperative programs of special education for exceptional children when such arrangement is approved by the State Board of Education. The county superintendent of schools of any county may establish and maintain a special education program, with the approval of the State Board of Education, and county funds may be expended for such purpose. Any school district or districts located wholly or in part in a county may participate in any such program so established by the county superintendent of schools and shall have authority to contribute school district funds, either directly or by reimbursement to the county participating in such program . . ." "From and after September 1, 1970, it shall be the duty of each school district to provide special education for all handicapped exceptional children as herein defined who reside in that school district. This duty may be satisfied by: "1. The district directly providing special education for such children; "2. The district joining in a cooperative program with another district or districts to provide special education for such children; "3. The district joining in a cooperative program with a private or public institution within such district to provide special education for children who are deaf or hard-of-hearing, or for children who are blind or partially blind; or "4. Transferring certified handicapped exceptional children to other school districts which accept them and provide special education for such children, with the district in which the child resides paying tuition therefor as hereinafter provided." (Emphasis added) Under various related provisions contained within Article XIII, Title 70 entitled "Special Education for Exceptional Children", the State Department of Education, acting under the control and supervision of the State Board of Education, is charged with various responsibilities and duties in connection with special education programs. These duties and responsibilities concern the adoption of rules and regulations pertaining to the approval of proposed special education programs, the eligibility of students to participate in such programs, student transfers for special education purposes, qualifications for special education teaching personnel and the apportionment of state and federal funding for special education programs. Notwithstanding the rule making duty imposed upon the State Board of Education, it is clear, based upon a plain reading of 70 O.S. 13-101 [70-13-101], supra, that the primary duty and responsibility to provide such special education programs rests with the local school district and local board of education. This conclusion is in keeping with a prior opinion from this office, 5 Op.A.G. 209 (Opinion No. 72-222), in which opinion it was held, in part: "Therefore, it is the opinion of the Attorney General, that under the clear terms of 70 O.S. 13-101 [70-13-101] (1971), a school district has an obligation to provide for special education for exceptional and handicapped children." Although 70 O.S. 13-101 [70-13-101], supra, as referred in the language quoted from the prior opinion from this office, has been amended since the issuance of such opinion, such amendments in no regard change or modify the statutory duty and obligation imposed upon the local school districts. Accordingly, it may be reaffirmed that the primary duty and responsibility for providing special education rests with the several local school districts of the State of Oklahoma, and further, that pursuant to such statutory obligation and duty, the local school districts are charged with the responsibility for implementing the requirements imposed by 70 O.S. 13-101 [70-13-101], supra. Since the answer to your question number one is in the negative, your question number two does not require an answer. Your third question asks if the terminology "other children failing to thrive from birth," as found in 70 O.S. 13-101 [70-13-101], supra, requires that the appropriate state agency provide special education to qualified handicapped children at the time a defect is identified, regardless of the age of the child. Attention is invited to the relevant portion of 70 O.S. 13-101 [70-13-101]. In this portion of this Section, the following statutory language is found: "Exceptional children shall mean gifted children, . . . and other handicapped children of four (4) years of age as of the first day of November of the school year; provided that there shall be no set minimum age for children who are blind and partially blind children, deaf and hard-of-hearing children and low incidence severally multiple-handicapped children, i.e., deaf-blind, retarded-cerebral palsied, autistic and other children failing to thrive from birth; further provided that any children served shall be bona fide residents of this state, whose conditions are such that it is impractical or impossible for them to benefit from or participate in the regular classroom program of the public schools in the district in which they reside and whose education requires a modification of the classroom program." (Emphasis added) It is clear, based upon a plain reading of the statutory language above quoted, that while this Section imposes a general minimum age requirement for those who may participate in a special education program, i.e., four (4) years of age as of the first day of November of the school year, this section additionally provides for no minimum age requirement for those children specially classified under the statute. Among these special statutory classifications are "other children failing to thrive from birth." Accordingly, it may be concluded that there is no statutory minimum age requirement imposed upon "other children failing to thrive from birth" and seeking to participate in a special education program. Those children falling within this classification, and otherwise qualified and eligible to participate in a special education program, would be entitled to participate in such program regardless of the age of the child. In connection with this conclusion it should be observed that while the minimum age restriction for participation in a special education program appears to have been removed for certain specially classified children, as noted, such child, to be eligible to participate in the program, must meet all otherwise applicable eligibility requirements as imposed by the relevant statutory provisions and the applicable rules and regulations promulgated by the State Board of Education. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: It is the statutory duty and obligation of the various local school districts and boards of education to provide for and implement special education programs as directed under 70 O.S. 13-101 [70-13-101] (1976). Under this section, there is no minimum age requirement for those children seeking to participate in such a special education program which children may be classified as "other children failing to thrive from birth." Such children, so qualified and meeting all otherwise applicable rules, regulations and statutes regarding eligibility, may participate in an approved special education program. (R. THOMAS LAY) ** SEE: OPINION NO. 78-300 (1978) **